NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4494
_____

UNITED STATES OF AMERICA

v.

ANDRE WILLIAMS, a/k/a Lucky

Andre Williams,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-06-cr-00052-002)
District Judge:  Honorable Thomas I. Vanaskie
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 27, 2013

Before:  FUENTES, FISHER and CHAGARES, *Circuit Judges*.

(Filed: June 28, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Andre Williams was convicted in the U.S. District Court for the Middle District of

Pennsylvania of conspiracy to distribute and possess with intent to distribute crack

cocaine, in violation of 21 U.S.C. § 846.  He appeals from the District Court's denial of

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Williams's counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons stated below, we will grant counsel's motion to withdraw, and we will affirm the District Court's denial of Williams's motion.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In March 2007, Williams and the government entered into a binding plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The plea agreement states as follows:

> "[T]he defendant should receive a sentence of 120 months in prison. The defendant should be ordered to serve a period on supervised release of at least three years. The defendant should pay a special assessment of $100.00. The parties agree that the amount of any fine to be imposed in this case up to the maximum potential fine shall be left to the discretion of the sentencing judge, however, the defendant reserves the right to argue that he is incapable of paying a fine."

App. at 23. The District Court accepted the plea agreement and sentenced Williams to 120 months' imprisonment.

In June 2008, Williams moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) due to Amendment 706, which retroactively reduced the Sentencing Guidelines for offenses involving crack cocaine. The District Court denied Williams's

2

motion and held that Williams's binding plea agreement rendered him categorically ineligible for a § 3582(c)(2) sentence reduction under this Court's then-controlling opinion in *United States v. Sanchez*, 562 F.3d 275, 280-82 (3d Cir. 2009).

In February 2012, Williams moved once again for a sentence reduction under § 3582(c)(2) due to the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011), in which the Court held that, contrary to our holding in *Sanchez*, defendants sentenced pursuant to a Rule 11(c)(1)(C) binding plea agreement are not categorically ineligible for a § 3582(c)(2) sentence reduction. The District Court, in ruling on Williams's post-*Freeman* motion, relied on *United States v. Weatherspoon*, where we held that a defendant who agrees to a specific term of imprisonment in a Rule 11(c)(1)(C) plea agreement "must show that his agreement both identifies a Guidelines range and demonstrates a sufficient link between that range and the recommended sentence" in order to be eligible for relief under § 3582(c)(2). 696 F.3d 416, 423 (3d Cir. 2012) (citing *Freeman*, 131 S. Ct. at 2697-98), *cert. denied,* 133 S. Ct. 1301 (2013). The District Court held that Williams was ineligible for relief under this standard.

Williams directed counsel to file a notice of appeal. Williams's counsel then requested leave to withdraw pursuant to Local Appellate Rule 109.2 and *Anders* because, in counsel's opinion, Williams lacks any issue of arguable merit on appeal. Williams has not filed a pro se brief in support of his appeal.

## II.

The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. "When the district court determines that a defendant is ineligible for relief under 18 U.S.C. § 3582(c)(2), our review is plenary." *Weatherspoon*, 696 F.3d at 420.

Counsel may file a motion to withdraw representation under *Anders* if, after reviewing the record, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a); *see also United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). In evaluating counsel's *Anders* brief, this Court must determine (1) whether counsel has thoroughly examined the record in search of appealable issues and explained why the issues are frivolous and (2) whether an independent review of the record reveals any non-frivolous issues. *Youla*, 241 F.3d at 300. Where the *Anders* brief appears to be adequate on its face, we will use the brief to guide our review of the record. *Id.* at 301.

## III.

We are satisfied that counsel has sufficiently reviewed the record for appealable issues, and we agree that there are no non-frivolous issues on appeal. "[T]o be eligible for relief under 18 U.S.C. § 3582(c)(2), a defendant who agrees to a specific term of imprisonment in a [Rule 11(c)(1)(C)] plea agreement must show that his agreement both identifies a Guidelines range and demonstrates a sufficient link between that range and

4

the recommended sentence." *Weatherspoon*, 696 F.3d at 423. Williams's plea agreement does not identify a Guideline sentencing range or provide the components needed to calculate the Guideline sentencing range, such as the criminal history category or the total offense level. Instead, it merely states that "the defendant should receive a sentence of 120 months in prison." App. at 23. Williams's appeal thus lacks any basis in law or fact. Accordingly, we agree with counsel that the record presents no issue of even arguable merit.

IV.

For the reasons set forth above, we will affirm the judgment of the District Court and grant defense counsel's motion to withdraw.