NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3642
_____

UNITED STATES OF AMERICA

v.

LEO SMITH, III,
a/k/a Killah

Leo Smith, III,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-03-cr-00045-002)
District Judge:  Honorable Thomas I. Vanaskie
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2013

Before:  AMBRO, FISHER and HARDIMAN, *Circuit Judges*.

(Filed: September 26, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

1

Leo Smith, III appeals an order of the United States District Court for the Middle District of Pennsylvania denying Smith's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Smith's counsel moves to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons stated below, we will affirm the District Court's judgment and grant counsel's motion to withdraw.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Smith pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 846. As part of the plea agreement, another count of the indictment for firearms possession was dismissed and the conspiracy charge as it related to Smith was amended to reflect no specific quantity of cocaine base, resulting in a twenty-year statutory maximum term of imprisonment. The parties agreed that the quantity of cocaine base was 1.5 kilograms and that firearms were possessed in connection with the offense.

The District Court sentenced Smith to a 240-month term of incarceration, a three-year term of supervised release, and a $100 special assessment. Based upon the Probation Office's inclusion of a three-level enhancement for Smith's leadership role and a two-level enhancement for the possession of firearms, the guideline range suggested in

2

the original presentence report was 360 months to life. Prior to the sentencing proceeding, the government agreed to forego the three-level leadership-role enhancement. Without this enhancement, the sentencing range was 262 to 327 months. The government declined to pursue the leadership-role enhancement because the term of imprisonment was already limited by the twenty-year statutory maximum. Smith appealed.

This Court remanded the case for resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). In 2006, the District Court again imposed a sentence of 240 months, emphasizing the benefit that Smith received by virtue of the plea agreement, the potential leadership role that the government decided to forego, and public safety concerns due to the involvement of firearms. Smith appealed and we affirmed.

After the Sentencing Guidelines applicable to cocaine base offenses were amended, Smith moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The recalculated guidelines subjected Smith to a guideline range of 210 to 262 months in prison, but the statutory maximum remained 240 months. The District Court denied Smith's motion on June 28, 2010, reiterating concerns previously articulated at Smith's sentencing and resentencing. Smith again appealed and we affirmed.

On April 17, 2012, Smith again moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) in light of further amendments to the Sentencing Guidelines. Under the amendments, Smith's guideline range was 169 to 210 months of incarceration. The

government opposed any reduction in sentence and highlighted Smith's involvement in an institutional assault in 2007. The District Court denied Smith's request for a sentence reduction, incorporating reasoning from the previous denial, highlighting the public safety concerns and Smith's benefit from the plea bargain and from the government's decision not to pursue a leadership-role enhancement. The District Court reasoned that the 240-month sentence addressed public safety concerns without exposing Smith to any unfairness in the disparity between crack and powder cocaine offenses under the previously applicable sentencing regime.

Smith directed counsel to file a notice of appeal. Counsel then moved to withdraw under *Anders* and Third Circuit Local Appellate Rule 109.2 based on his belief that Smith's appeal lacks any issue of arguable merit. Smith, who was served with a copy of counsel's motion to withdraw and *Anders* brief, has not filed a *pro se* brief in support of the appeal. The government responded in support of counsel's *Anders* brief.

II.

The District Court had jurisdiction over this case under 18 U.S.C. §§ 3231 and 3582(c). We have jurisdiction over this appeal under 28 U.S.C. § 1291.

Counsel may file a motion to withdraw together with a supporting brief under *Anders* if, after reviewing the district court record, he is "persuaded that the appeal presents no issue of even arguable merit . . . ." 3d Cir. L.A.R. 109.2(a). "We exercise plenary review to determine whether there are any such issues." *Simon v. Gov't of the*

4

*V.I.*, 679 F.3d 109, 114 (3d Cir. 2012) (citation omitted).  When counsel files an *Anders* brief, our inquiry is twofold:  (1) whether counsel thoroughly scoured the record in search of appealable issues and explained why any issues are frivolous, and (2) "whether an independent review of the record presents any nonfrivolous issues."  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).  Where the *Anders* brief appears adequate on its face, we will rely on it to guide our review of the record.  *Youla*, 241 F.3d at 301.

We review a district court's decision not to reduce an eligible defendant's sentence based upon a change in the United States Sentencing Guidelines for abuse of discretion. *United States v. Weatherspoon*, 696 F.3d 416, 420 (3d Cir. 2012).

III.

We are satisfied that counsel's *Anders* brief – which identifies a possible issue, reviews the relevant law, explains the frivolous nature of the appeal, and includes an appendix with salient portions of the record – is adequate.  Our review is therefore guided by counsel's *Anders* brief and our analysis focuses on the only potentially appealable issue presented:  whether the District Court abused its discretion in declining to reduce Smith's sentence.

The District Court articulated several reasons for its decision to deny a reduction in Smith's sentence.  The District Court "remain[ed] convinced that the public safety factors that prompted the denial of the first motion for reduction of sentence militate against any reduction in Mr. Smith's 240-month prison term."  Order, at 2.  It explicitly

stated that the public safety concerns centered on Smith's offense conduct and not his prison altercation. The District Court also noted that Smith had benefited significantly from the plea bargain capping his prison term at twenty years and from the government's decision not to seek a leadership-role enhancement. If the government had pursued the leadership-role enhancement, Smith's guideline range would now be 235 to 293 months. The Court concluded that "[u]nder these circumstances, a prison term of 240 months addresses the interests of public safety and deterrence without exposing Mr. Smith to the unfairness of the disparity between crack and powder cocaine offenses under the sentencing regime that predated the most recent legislative and guidelines changes." *Id.* Because of the circumstances of Smith's offense and the District Court's articulated public safety concerns, we conclude that the District Court did not abuse its discretion in declining to reduce Smith's sentence. The record therefore presents no nonfrivolous basis upon which Smith may appeal his sentence.

IV.

For the reasons stated above, we will affirm the District Court's judgment of sentence and grant counsel's *Anders* motion.