**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1961
_____

UNITED STATES OF AMERICA

v.

LEO SMITH, III  a/k/a  KILLAH

Leo Smith, III,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-03-cr-00045-002)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2019
Before:  GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed: February 12, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Leo Smith, III appeals the District Court's order denying his motion for a sentence reduction filed pursuant to 18 U.S.C. § 3582(c)(2). For the reasons below, we will dismiss the appeal as untimely filed.

The procedural history of this case and the details of Smith's claims are well known to the parties, set forth in the District Court's memorandum order, and need not be discussed at length. See also United States v. Smith, 539 F. App'x 54, 55-56 (3d. Cir. 2013) (describing the factual background and procedural history of Smith's criminal proceedings).

Smith is serving a sentence of 240 months for his conviction for conspiracy to distribute crack cocaine. In November 2015, Smith filed the motion to reduce his sentence. The District Court denied the motion by order entered July 15, 2016. On April 18, 2018, Smith filed a notice of appeal from the July 2016 order. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The Government requests that we dismiss the appeal because the notice of appeal was untimely filed. A motion for a sentence reduction is considered part of the criminal proceedings, and the time to appeal is governed by Fed. R. App. P 4(b). See United States v. Espinosa–Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003) (collecting cases). The notice of appeal in a criminal case must be filed within fourteen days of the entry of the order being appealed. Fed. R. App. P. 4(b)(A). The order appealed was entered on July 15, 2016, and the notice of appeal was not filed until April 17, 2018, far beyond the fourteen day time period.

A failure to file a timely notice of appeal does not deprive us of jurisdiction. Rule 4(b)'s deadline is rigid, however, and if the Government invokes the rule when a notice of appeal is untimely filed, we must dismiss the appeal. Virgin Islands v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010). Here, the Government has invoked Rule 4(b) and requests that we dismiss the appeal. Smith has not responded to the Government's request.

If any delay by the prison interfered with Smith's receipt of the District Court's order, that time would be subtracted from the calculation of the time to appeal. United States v. Grana, 864 F.2d 312, 316 (3d Cir. 1989). However, there is nothing in the record to support a determination that any delay in Smith's receipt of the District Court's order was caused by the prison.

Smith filed the motion for a sentence reduction at issue here in November 2015. Eight months later, in July 2016, Smith filed a motion requesting a status update. He alleged that if the District Court granted his motion, he would be eligible for immediate release. A few days later, the District Court denied his motion for a sentence reduction.

Despite his hope for immediate release, Smith did not check on the status of his motion until almost a year and a half later, in December 2017, when he requested an updated docket. In his brief, Smith includes a copy of the docket he received in response. That docket, which appears to have been printed and mailed on December 29, 2017, contained an entry noting that the motion for a sentence reduction was denied in July 2016.

3

In March 2018, two months after the docket was mailed to Smith, he filed a motion requesting a copy of the District Court's July 2016 order. He did not mention anything about not receiving a copy of the order at the time it was entered. On April 3, 2018, the District Court directed the Clerk to send Smith a copy of the July 2016 order. Smith then filed his notice of appeal, asserting that he did not receive the District Court's decision until April 8, 2018. Thus, there is nothing to indicate that exclusion of any prison delay would lead to the notice of appeal being considered timely filed.

Because the notice of appeal was untimely filed and the Government has invoked Rule 4(b)'s deadline, we will dismiss the appeal.[1]

---

[1] Even if we were to reach the merits of the appeal, we would affirm the District Court's order for the reasons given by the District Court. See United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012)(reviewing denial of eligible defendant's motion for sentence reduction for abuse of discretion); United States v. Styer, 573 F.3d 151, 155 (3d Cir. 2009) (District Court should consider whether reducing the defendant's sentence would pose a danger to the community).