**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4413
_____

UNITED STATES OF AMERICA

v.

DAVID MITCHELL,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3:05-cr-00013)
District Judge:  Hon. A. Richard Caputo
Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2013

Before:  CHAGARES, VANASKIE, and SHWARTZ, Circuit Judges.

(Filed: January 27, 2014)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Defendant David Mitchell appeals the order of the District Court that denied his

motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  His attorney

submits that there are no non-frivolous issues to raise on appeal and seeks to withdraw as

counsel pursuant to Anders v. California, 386 U.S. 738 (1967).  For the reasons that

follow, we will grant the motion to withdraw and we will affirm the order of the District Court that denied Mitchell's motion for a reduction of sentence.

I.

We write for the benefit of the parties and recount only those facts essential to our disposition. In 2005, a grand jury indicted Mitchell on five counts related to the transportation of cocaine base (crack cocaine) from New York City to Monroe County, Pennsylvania. Mitchell entered into a plea agreement. He pled guilty to Count 1 of the indictment, which charged him with conspiracy to distribute in excess of 50 grams of cocaine base in violation of 21 U.S.C. § 846, in exchange for dismissal of the remaining counts. Mitchell pled guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which allows a defendant and the Government to "agree that a specific sentence or sentencing range is the appropriate disposition of the case."[1] The parties agreed to recommend that Mitchell would be sentenced to 100 months of imprisonment followed by a five-year term of supervised release and a fine to be determined by the District Court. The District Court accepted the plea agreement and sentenced Mitchell to the agreed-upon term of 100 months of imprisonment and five years of supervised release. The court determined that Mitchell did not have the ability to pay a fine and did not impose one.

In November 2011, Mitchell petitioned for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). He contended that he was eligible for a reduction in light of the

---

[1] Mitchell faced an advisory United States Sentencing Guidelines ("Guidelines") range of 210 to 262 months.

2

amendments to the Guidelines made pursuant to the Fair Sentencing Act of 2010, which sought to reduce the disparity between the penalties imposed for offenses involving powder cocaine and those involving crack cocaine. The District Court denied the motion. Mitchell filed this timely appeal, and his counsel moved to withdraw representation.

## II.[2]

Defense counsel may move to withdraw from representation if, after a thorough examination of the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a); see also Anders, 386 U.S. at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."). When presented with an Anders motion to withdraw, we must determine: (1) whether counsel has thoroughly examined the record for appealable issues and explained why any such issues are frivolous; and (2) whether an independent review of the record presents any nonfrivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). If "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself." Id. at 301 (quotation marks omitted). We review a district court's denial of a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). If a district court concludes that a defendant is not eligible for relief pursuant to

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction over Mitchell's appeal pursuant to 28 U.S.C. § 1291.

3

18 U.S.C. § 3582(c)(2), our review is plenary. United States v. Weatherspoon, 696 F.3d 416, 421 (3d Cir. 2012).

Mitchell's attorney represents that, after a thorough review of the record, he has found no non-frivolous issues to raise on appeal. In particular, counsel submits that a defendant "sentenced under a Rule 11(c)(1)(C) plea agreement is ineligible for a reduction of sentence unless the text of the plea agreement establishes a prison term by explicit reference to a Guidelines range, and then the district court bases defendant's sentence on that calculated Guidelines range." Mitchell Br. 8. Because Mitchell's plea agreement does not rest on a Guidelines calculation, counsel contends, Mitchell is therefore ineligible for a reduction of sentence.

Counsel correctly recognized that Weatherspoon (which was decided after the appeal in this case was filed) is dispositive of the issue here. A court may reduce a sentence when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A defendant who pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement is only eligible for a reduction under § 3582(c)(2) if the sentence imposed pursuant to the agreement is "based on" the applicable Guidelines range. Weatherspoon, 696 F.3d at 422 (quotation marks omitted). To determine whether the sentence is based on the Guidelines range, we look to the "four corners of the plea agreement." Id. A plea agreement that provides for a specific term of imprisonment is only "'based on' a Guidelines range when the agreement

4

'make[s] clear' that the foundation for the agreed-upon sentence was the Guidelines." Id. at 423 (alteration in original) (quoting Freeman v. United States, 131 S. Ct. 2685, 2697 (2011) (Sotomayor, J., concurring)). An agreement will make the connection clear only when there is a "sufficient link" between the range agreed to and the advisory Guidelines range. Id.

As counsel points out, the plea agreement before us does not specify the applicable advisory Guidelines range or other information relevant to the calculation of that range, such as the total offense level or Mitchell's criminal history category. Instead, the plea agreement simply states the weight of the cocaine base involved and provides that "[t]he defendant shall be sentenced to 100 months in prison." Appendix 21. The plea agreement therefore "does not 'make clear' that the foundation of [the] sentence was the Guidelines, because the agreement does not in any way identify or rely on [the] Guidelines range." Weatherspoon, 696 F.3d at 424. Because the sentence imposed pursuant to the plea agreement was not based on a Guidelines range, the District Court correctly held that Mitchell is ineligible for a reduction under § 3582(c)(2).

Counsel also correctly posits that, because Mitchell's sentence of 100 months of imprisonment is still below the amended advisory Guidelines range, which begins at 120 months of imprisonment, the Guidelines render him ineligible for relief. See U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.").

5

III.

For the foregoing reasons, we will affirm the District Court's denial of Mitchell's motion for a reduction of sentence and will grant counsel's motion to withdraw.