**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1783
_____

UNITED STATES OF AMERICA

v.

ERIC WEATHERSPOON
a/k/a UNCLE
a/k/a LA,

Eric Weatherspoon.
                    Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 3:05-cr-00176-012)
District Judge:  Honorable James M. Munley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 16, 2012

Before:  RENDELL, FUENTES and CHAGARES, *Circuit Judges*

(Opinion Filed: November 21, 2012)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*.

On October 23, 2006, Appellant Eric Weatherspoon pleaded guilty in accordance

with a written plea agreement to one count of conspiracy to distribute and possess with

1

intent to distribute in excess of 50 grams of cocaine base (crack) in violation of 21 U.S.C. § 846.  The District Court sentenced him to 210 months' imprisonment.  Thereafter, Weatherspoon moved for a reduction of sentence based on the 2007 and 2008 amendments to the United States Sentencing Guidelines (the "Guidelines") for cocaine base offenses.  On March 6, 2012, the District Court denied his motion.  Weatherspoon appeals, asking this Court to vacate the District Court's order and have his case remanded for further proceedings.

For the reasons that follow, we will affirm the decision of the District Court.

## I.

Because we write primarily for the parties, who are well acquainted with this case, we recite only the facts essential to our disposition of this appeal.  On April 22, 2005, Appellant was charged in the Middle District of Pennsylvania with conspiracy to distribute and possess with intent to distribute in excess of 50 grams of crack cocaine and related offenses.  On October 23, 2006, Appellant pleaded guilty in accordance with a written plea agreement, entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to the conspiracy count.  In that agreement, the parties agreed that Weatherspoon should receive a sentence of 210 months' imprisonment because that sentence was "a reasonable sentence under the facts and circumstances of the case." Appendix ("App.") at 17-18.

For sentencing, the Probation Department prepared a pre-sentence report.  Using the 2006 edition of the Guidelines manual, the Probation Officer determined that

2

Weatherspoon's guideline imprisonment range was 360 months to life. On February 2, 2007, the District Court imposed the agreed-upon sentence of 210 months' imprisonment.

On November 1, 2007, the Sentencing Commission passed Amendment 706 to the Guidelines, which reduced the cocaine base equivalency, thereby reducing imprisonment ranges for certain defendants convicted of crack-cocaine related offenses. In March 2008, the amendment was made retroactive. On July 11, 2011, Weatherspoon filed a motion to appoint counsel which the Court Clerk construed as a motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based upon Amendment 706. On January 20, 2012, the Government filed a response, arguing that a reduction was not appropriate given that "the sentence imposed in this case was based upon the plea agreement and not upon the Guidelines and that the District Court would have no authority to reduce Mr. Weatherspoon's sentence." App. at 106.

On March 6, 2012 the District Court denied Weatherspoon's motion to reduce his sentence, explaining that Weatherspoon's sentence was based upon the parties' agreement and not tied to the Guidelines. Weatherspoon filed a timely notice of appeal.

## II.

The District Court had subject matter jurisdiction over Weatherspoon's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. When the district court determines that a defendant is ineligible for relief under 18 U.S.C. § 3582(c)(2), our review is plenary. *United States v. Weatherspoon*, 696 F.3d 416, 420 (3d Cir. 2012)

Section 3582(c)(2) of the Sentencing Reform Act of 1984 permits a modification of a sentence, "in the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2) (emphasis added). Here it is undisputed that Amendment 706 retroactively lowered Weatherspoon's Guidelines range. Thus, the only issue before us is whether Weatherspoon's 210-month sentence was "based on" his Guidelines range. *See Weatherspoon*, 696 F.3d at 422.

This case is governed by our recently issued opinion in *United States v. Kevin Weatherspoon*, 696 F.3d 416 (3d Cir. 2012).[1] In *Weatherspoon*, citing Justice Sotomayor's concurrence in *Freeman v. United States*, 131 S. Ct. 2685 (2011), we held that "any determination of whether a defendant's sentence is 'based on' the Guidelines turns solely on an examination of the four corners of the plea agreement," and that "[a]ny statements made by the District Court, the probation department, or counsel are irrelevant to this analysis." *Id.* at 422. We went on to hold that in order "to be eligible for relief under 18 U.S.C. § 3582(c)(2), a defendant who agrees to a specific term of imprisonment in [an 11(c)(1)(C)] plea agreement must show that his agreement both identifies a Guidelines range and demonstrates a sufficient link between that range and the recommended sentence." *Id.* at 423.

---

[1] In fact, the cases are related – Kevin Weatherspoon was Eric Weatherspoon's co-defendant, and Mssrs. Wade and Ulrich of the Federal Public Defender for the Middle District of Pennsylvania represented both Kevin and Eric Weatherspoon in their respective appeals.

The plea agreement in this case is nearly identical to the one we considered in *Weatherspoon*, and thus our reasoning in that case controls the outcome here. Here, as in *Weatherspoon*,

> the agreement is silent as to his range. Nowhere in the agreement does it explicitly state the range the parties relied upon in determining his sentence. Nor does the agreement provide the necessary ingredients to calculate it. The Guidelines range can only be derived from a determination of a defendant's criminal history category and his offense level. Here, we are missing at least one-half of the equation. There are simply no statements or assertions of fact in the agreement that allow us to determine [Appellant's] criminal history category.
>
> Because his agreement does not explicitly state his Guidelines range, or his offense level and criminal history category, and because [Appellant] cannot otherwise demonstrate that his criminal history category is "evident from the agreement itself," we cannot conclude that the agreement identifies a Guidelines range. Thus, his claim fails under *Freeman* and his motion was properly denied. *See United States v. Austin,* 676 F.3d 924, 930 (9th Cir. 2012).

*Id.* at 424.

## III.

For the foregoing reasons, we will affirm the decision of the District Court.

5