**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4635
_____

UNITED STATES OF AMERICA

v.

BERTRAM R. RUSSELL, a/k/a SKIP,
                                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:07-cr-00730-002)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 11, 2014
Before:  CHAGARES, KRAUSE and SLOVITER, Circuit Judges

(Opinion filed: August 13, 2014)
_____

OPINION
_____

PER CURIAM

        In 2008, a grand jury in the United States District Court for the Eastern District of

Pennsylvania returned a 96-count superseding indictment against a dozen defendants in

an extensive tax fraud scheme.  Nine of the defendants entered guilty pleas; three

defendants, including Bertram R. Russell, proceeded to trial.  The jury found Russell

guilty of one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, seven counts of tax evasion in violation of 26 U.S.C. § 7201, two counts of subscribing false tax returns in violation of 26 U.S.C. § 7206(1), and six counts of failure to file a tax return in violation of 26 U.S.C. § 7203. The District Court sentenced Russell to a total of 66 months in prison plus a term of supervised release. Russell took a direct appeal, but, after the Government filed its brief, Russell sought, and was permitted, to withdraw his appeal.

More than a year later, in November 2013, Russell filed a "motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2)." He complained that the District Court improperly found facts relating to a sentence enhancement for obstruction of justice (regarding perjury at trial). He cited Alleyne v. United States, 133 S. Ct. 2151 (2013), noting its holding that that any fact that increases a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. See id. at 2162-63. He argued that the enhancement should be set aside in light of Alleyne and the "existing legal landscape and precedent which existed at the time Russell was sentenced," including Apprendi v. New Jersey, 530 U.S. 466 (2000). (In Apprendi, the Supreme Court held that any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. 530 U.S. at 490.) The Government opposed Russell's motion.

The District Court denied the motion as procedurally and substantively meritless. The District Court explained that 18 U.S.C. § 3582 did not apply and that <u>Alleyne</u> did not preclude judicial fact-finding to sentence within a statutory range. Russell appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Where, as in this case, a district court concludes that a defendant is ineligible for relief under 18 U.S.C. § 3582(c)(2), we exercise plenary review. <u>See</u> <u>United States v. Weatherspoon</u>, 696 F.3d 416, 420 (3d Cir. 2012). Upon review, we will affirm the District Court's decision.

As the District Court concluded, Russell was ineligible for relief under 18 U.S.C. § 3582. Generally, a district court's authority to modify a sentence is limited. <u>See</u> <u>Weatherspoon</u>, 696 F.3d at 420. Under 18 U.S.C. § 3582(c)(2), on which Russell relied, a district court may reduce a term of imprisonment where a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2); <u>see</u> <u>Weatherspoon</u>, 696 F.3d at 420; <u>see also</u> <u>United States v. Mateo</u>, 560 F.3d 152, 154 (3d Cir. 2009). Russell did not argue that the Sentencing Commission has retroactively lowered his guideline range or cite any retroactive guideline amendment that is applicable to him. And, under the terms of the statute, neither of the cases he cites, <u>Alleyne</u> and <u>Apprendi</u>, can serve as a basis for a modification of his sentence under § 3582(c)(2).[1]

---

[1] We note additionally that a claim under <u>Alleyne</u> is not available to Russell on collateral review. <u>See</u> <u>United States v. Reyes</u>, --- F.3d ---, 2014 U.S. App. LEXIS 11418, at *4-*7 (3d Cir. June 18, 2014). Also, while we do not see how Russell could proceed under <u>Apprendi</u> at this late date and after withdrawing his appeal, we further note that under

3

For these reasons, the District Court properly denied Russell's motion, and we will affirm the District Court's judgment.

---

Apprendi (and Alleyne), "[j]udicial factfinding in the course of selecting a sentence within the permissible range does not offend the Fifth and Sixth Amendment rights to a jury trial and proof beyond a reasonable doubt." United States v. Grier, 475 F.3d 556, 562 (3d Cir. 2007) (en banc) (addressing a different enhancement); see also United States v. Smith, 751 F.3d 107, 117 (3d Cir. 2014) (citing Grier post-Alleyne).