PS3-062                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3433
_____

UNITED STATES OF AMERICA

v.

JORGE L. DAVILA,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-09-cr-00343-001)
District Judge:  Honorable William W. Caldwell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2015
Before:  FUENTES, SHWARTZ and ROTH, <u>Circuit</u> <u>Judges</u>

(Filed: August 7, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jorge Davila appeals the District Court's order denying his motion for a sentence reduction filed pursuant to 18 U.S.C. § 3582(c)(2). For the reasons below, we will affirm the District Court's order.

In April 2010, Davila pleaded guilty to one count of manufacturing, distributing, and possessing with intent to manufacture and distribute cocaine base pursuant to a plea agreement based on Fed. R. Crim. P. 11(c)(1)(C) (a "(C) plea agreement"). In June 2014, he filed a motion for a sentence reduction based on Amendment 750 of the Sentencing Guidelines which lowered the base offense levels for crack cocaine offenses. Concluding that Davila was not eligible for a sentence reduction, the District Court denied the motion, and Davila filed a notice of appeal. We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's decision regarding Davila's eligibility de novo. United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012).

When parties enter a (C) plea agreement, they agree, in relevant part, that a specified sentence is the appropriate outcome for the charges. If the District Court accepts the plea agreement, it is bound by the proposed sentence. Fed. R. Crim. P. 11(c)(1)(C). Under 18 U.S.C. § 3582(c)(2), a District Court has the authority to amend a sentence if it was based on a Guidelines range that has been lowered. In Weatherspoon, we held that a defendant who pleaded guilty pursuant to a (C) plea agreement is eligible for a § 3582 sentence reduction only if he can show that his plea agreement identifies a Guidelines range and demonstrates a link between that range and the proposed sentence. Weatherspoon, 696 F.3d at 423. In concluding that Weatherspoon was not eligible for a

sentence reduction, we noted that Weatherspoon's plea agreement did not identify or rely on the Guidelines range or provide the information necessary to calculate the Guidelines range. Id. at 424.

Davila argues that language in his plea agreement that the proposed sentence was "a reasonable sentence under the facts and circumstances of the case" necessarily involved contemplation of the guideline range and that "facts and circumstances" are terms of art directly linked to offense conduct and offender characteristics. However, the plea agreement in Weatherspoon also contained the language that the sentence was "a reasonable sentence under the facts and circumstances of the case." Id. at 418. Davila does not point to any "facts and circumstances" listed in the plea agreement which could have been used to calculate the Guidelines range, and we have found none. The District Court did not err in determining that Davila was not eligible for a sentencing reduction pursuant to § 3582(c)(2).

For the above reasons, we will affirm the District Court's order.

3