**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2182
_____

UNITED STATES OF AMERICA

v.

DANNY FUENTES,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-06-cr-00427-001)
District Judge:  Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 20, 2015
Before:  JORDAN, BARRY and VAN ANTWERPEN, Circuit Judges

(Opinion filed October 20, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Danny Fuentes, a federal prisoner proceeding pro se, appeals the District Court's order denying his motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will affirm.

I.

In 2008, Danny Fuentes pled guilty to conspiracy to distribute cocaine, heroin, methamphetamine, and marijuana. Fuentes pled guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which allows a defendant and the Government to "agree that a specific sentence or sentencing range is the appropriate disposition of the case." The parties agreed to a sentence of 144 months in prison, five years supervised release, and a special assessment of $100. The District Court accepted the plea agreement and imposed the agreed-upon sentence.

In November 2014, Fuentes filed a motion under 18 U.S.C. § 3582(c)(2). He sought to have his sentence reduced based on Amendment 782 to the U.S. Sentencing Guidelines, which lowered by two the base offense assigned to particular drug quantities. The District Court denied the motion, and Fuentes appealed.[1]

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's denial of a motion for reduction of sentence under § 3582(c)(2) for abuse of discretion.

---

[1] Fuentes' notice of appeal is dated May 6, 2015, which is after the fourteen-day time period to file a notice of appeal. The Government, which has noted the issue, has not sought to dismiss the appeal on this basis. Thus, we exercise jurisdiction. See Virgin Islands v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010) (noting time period is non-jurisdictional).

United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). If a district court concludes that a defendant is not eligible for relief under § 3582(c)(2), our review is plenary. United States v. Weatherspoon, 696 F.3d 416, 421 (3d Cir. 2012).

A defendant who pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement is eligible for a reduction under § 3582(c)(2) only if the sentence imposed pursuant to the agreement is "based on" the applicable Guidelines range. Weatherspoon, 696 F.3d at 422 (internal quotation marks omitted). A plea agreement that provides for a specific term of imprisonment is "'based on' a Guidelines range when the agreement 'make[s] clear' that the foundation for the agreed-upon sentence was the Guidelines." Id. at 423 (alteration in original) (quoting Freeman v. United States, -- U.S. --, 131 S.Ct. 2685, 2697 (2011) (Sotomayor, J., concurring)). An agreement will make the connection clear only when there is a "sufficient link" between the range agreed to and the advisory Guidelines range. Id.

As the Government points out and Fuentes acknowledges, the plea agreement before us does not specify the applicable advisory Guidelines range or other information relevant to the calculation of that range, such as the total offense level or Fuentes' criminal history category. The agreement therefore "does not 'make clear' that the foundation of [the] sentence was the Guidelines, because the agreement does not in any way identify or rely on [the] Guidelines range." Weatherspoon, 696 F.3d at 424. Because the sentence imposed pursuant to the plea agreement was not based on a

3

Guidelines range, the District Court correctly held that Fuentes is ineligible for a sentence reduction under § 3582(c)(2).

III.

For the foregoing reasons, we will affirm the District Court's order denying Fuentes' motion for a reduction of sentence.