**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3222
_____

UNITED STATES OF AMERICA

v.

NYENE BAKER a/k/a JASON ANDERSON a/k/a UNSCO
                              Nyene Baker, Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-10-cr-00086-001)
District Judge:  Honorable Michael M. Baylson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2016

Before: AMBRO, GREENAWAY, JR., and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 11, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Nyene Baker seeks review of the District Court's order denying

his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  We have

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

jurisdiction pursuant to 28 U.S.C. § 1291.  Because the District Court determined that

Baker was ineligible for relief as a matter of law under § 3582(c)(2), our review is

plenary.  United States v. Weatherspoon, 696 F.3d 416, 421 (3d Cir. 2012).  For the

following reasons, we will affirm.

In 2010, Baker was charged in a four-count superseding indictment with cocaine

and marijuana trafficking offenses.  He entered into a plea agreement with the

Government pursuant to Fed. R. Crim. P. 11(c)(1)(C)[1], under which he pleaded guilty to

all four counts in exchange for an agreed-upon sentence of 180 months of imprisonment.

No appeal was taken.  In 2015, Baker filed a motion to reduce his sentence pursuant to

§ 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines,

which reduced the offense levels assigned to most drug quantities under U.S.S.G.

§ 2D1.1(c) by two levels.   The District Court denied Baker's motion, and this timely

appeal ensued.

---

[1] Rule 11(c)(1)(C) provides:
> An attorney for the government and the defendant's attorney, or
> the defendant when proceeding pro se, may discuss and reach a
> plea agreement. The court must not participate in these discussions.
> If the defendant pleads guilty or nolo contendere to either a
> charged offense or a lesser or related offense, the plea agreement
> may specify that an attorney for the government will:
> ...
> agree that a specific sentence or sentencing range is the appropriate
> disposition of the case, or that a particular provision of the Sentencing
> Guidelines, or policy statement, or sentencing factor does or does not
> apply (such a recommendation or request binds the court once the
> court accepts the plea agreement).

Section 3582(c)(2) authorizes a district court to modify or reduce a defendant's sentence when that sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." A sentence pursuant to Rule 11(c)(1)(C) (a "C plea") is based on the Sentencing Guidelines only when it (1) explicitly "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range" or (2) "provide[s] for a specific term of imprisonment" but also "'make[s] clear' that the foundation for the agreed-upon sentence was the Guidelines." Weatherspoon, 696 F.3d at 422-23 (quoting Freeman v. United States, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring in the judgment)). A review of Baker's plea confirms that neither of these two situations applies.[2]

Baker and the Government agreed to a "*specific* sentence of imprisonment" and that the "agreed-upon sentence is as follows:  180 months [of] imprisonment . . ." Plea Agreement at ¶ 4 (emphasis added). The plea clearly does not call for a sentence within a specific Guidelines range; indeed, the only ranges noted in the plea are the statutory maximum and mandatory minimum sentences provided for each of the offenses. The plea also failed to identify Baker's offense level or the anticipated criminal history category, both critical to making a Guidelines calculation. See Weatherspoon, 696 F.3d

---

[2] Baker argues that the sentencing transcript makes clear that the sentence was based on the Guidelines; however, [i]n the (C) agreement context . . . it is the binding plea agreement that is the foundation for the term of imprisonment to which the defendant is sentenced." Freeman, 131 S. Ct. at 2696 (Sotomayor, J., concurring in the judgment); see also Weatherspoon, 696 F.3d at 422 ("Any statements made by the District Court, the probation department, or counsel are irrelevant to this analysis.").

at 424 (Guidelines range is not identified where the criminal history category is not "evident from the agreement itself") (citation omitted). Although the plea references the Guidelines, particularly the provisions that provide downward adjustments based on Baker's acceptance of responsibility and assistance to authorities, this is insufficient to conclude that the sentence was based on them. See Freeman, 131 S. Ct. at 2697 (Sotomayor, J., concurring in the judgment) ("the mere fact that the parties to a (C) agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon"). The District Court therefore properly concluded that Baker was ineligible for a sentence reduction.

Accordingly, we will affirm the District Court's order.