**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3556
_____

UNITED STATES OF AMERICA

v.

TROY GOODMAN, a/k/a Mrs. Law

Troy Goodman,
                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Action No. 4:06-cr-00175-001)
District Judge: Honorable John E. Jones, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2016
Before:  CHAGARES, KRAUSE and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 31, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Troy Goodman appeals pro se from an order of the District Court denying his motion for a sentence reduction filed pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will affirm the District Court's judgment.

Goodman entered into a plea agreement on February 4, 2009, to resolve charges of criminal conspiracy to distribute and possess with intent to distribute cocaine base. The agreement called for a sentence of 216 months in prison. On July 28, 2009, the District Court accepted the agreement and imposed that term of imprisonment as part of Goodman's sentence. Thereafter, the United States Sentencing Commission issued Amendments 750 and 782 to the United States Sentencing Guidelines. Amendment 750 reduced the crack-related offense levels in U.S.S.G. § 2D1.1 of the Guidelines, and Amendment 782 reduced by two levels the offense levels assigned to most drug quantities under U.S.S.G. § 2D1.1(c). On March 20, 2015, Goodman filed a pro se motion pursuant to 18 U.S.C. § 3582(c)(2) seeking a sentence reduction based on retroactive application of those Amendments. The District Court appointed counsel, who withdrew from the representation on the ground that Goodman was not eligible for a reduction based on the retroactive application of those Amendments. The District Court denied Goodman's motion on October 5, 2015. This appeal followed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a District Court's determination that a defendant is ineligible for relief under 18 U.S.C.

§ 3582(c)(2) is plenary. United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012).

On appeal, Goodman argues that the District Court never explained its reasoning for denying the sentence-reduction motion. It is true that the District Court's form order contains no explanation or reasoning. However, it is clear from the record that the District Court did not err.

A defendant who pleads guilty pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement that sets out a specific term of imprisonment is eligible for a reduction under § 3582(c)(2) only if his sentence is based on a Guidelines range and the agreement makes clear that the basis for the agreed sentence is the Guidelines. Id. at 422-23. A defendant must show, in particular, that "his agreement both identifies a Guidelines range and demonstrates a sufficient link between that range and the recommended sentence." Id. at 423.

The plea agreement never identifies a Guidelines range, let alone demonstrates any link between a specific Guidelines range and the agreed sentence of 216 months' imprisonment. Indeed, the agreement never mentions or alludes to the Guidelines in any way. Rather, the agreement states only that "[t]he parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case." Plea Agreement at 6, D. Ct. Doc. No. 543; Amended Plea Agreement at 6, D. Ct. Doc. No. 642. Under these circumstances, it is clear that Goodman is not eligible for a sentence reduction pursuant

to § 3582(c)(2).  Consequently, we will affirm the District Court's judgment denying

Goodman's motion to reduce his sentence.