**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3952

_____

UNITED STATES OF AMERICA

v.

CESAR CAMACHO-ROSALES,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-10-cr-00104-003)
District Judge: Honorable Lawrence F. Stengel

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 16, 2016

Before:  AMBRO, GREENAWAY, JR. and GARTH, Circuit Judges

(Opinion filed:  August 19, 2016)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Cesar Camacho-Rosales appeals from the District Court's order denying his motion filed under 18 U.S.C. § 3582(c)(2). For the reasons discussed below, we will affirm.

On February 16, 2012, upon Camacho-Rosales' guilty plea to distribution of five or more kilograms of cocaine[1] (21 U.S.C. § 841(a)(1)), and conspiracy to do the same (21 U.S.C. § 846), the District Court sentenced him to the mandatory minimum sentence of 120 months' imprisonment[2] under 21 U.S.C. § 841(b). We affirmed his sentence, noting that "there is no possibility [he] could receive a sentence below the statutory minimum of 120 months." United States v. Duran, 528 F. App'x 215, 224 (3d Cir. 2013).

On December 1, 2014, Camacho-Rosales filed the instant § 3582(c)(2) motion, seeking a sentence reduction based on the United States Sentencing Commission's amendment of the Drug Quantity Table in 2014 – Amendment 782 – which "reduces by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties." U.S.S.G. Manual Amendment 782 (U.S. Sentencing Comm'n 2014). The District Court denied this motion on November 10, 2015, noting that it sentenced him to the mandatory minimum term, and that "because he has already received the lowest possible sentence contemplated by Congress, any relief sought by Mr. Camacho-Rosales under Amendment 782 is unavailable to him." This timely appeal

---

[1] The actual drug quantity charged in the indictment was 23.94 kilograms of cocaine.

[2] Camacho-Rosales' Guidelines range was 121 to 150 months' imprisonment.

ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's denial of relief under 18 U.S.C. § 3582(c)(2). United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012). Under § 3582(c)(2), a court may modify a defendant's term of imprisonment if it was "based on a sentencing guideline range that has subsequently been lowered by the Sentencing Commission." But if the revised offense guidelines do not have the "effect of lowering the defendant's applicable guideline range," a sentencing reduction is not warranted. U.S.S.G. § 1B1.10(a)(2)(B).

Although application of Amendment 782 would reduce Camacho-Rosales' Guideline range – from 121 to 150 months to 97 to 121 months – the mandatory minimum sentence of 120 months sets his Guideline floor. U.S.S.G. § 5G1.1(c)(2) ("[T]he sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence."). Because this mandatory minimum sentence persists, and is unaffected by Amendment 782, application of the amendment would not have the effect of lowering his Guideline range. Accordingly we will affirm the order of the District Court.