NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2690
_____

UNITED STATES OF AMERICA

v.

RANDALE CHAPMAN,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-11-cr-00045-007)
District Judge: Honorable Arthur J. Schwab

_____

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2016

Before: McKEE, Chief Judge, AMBRO, and SCIRICA, Circuit Judges

(Opinion filed: September 8, 2016)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

Randale Chapman appeals the order of the District Court denying his motion for a

sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and contends that he is eligible for

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

such a reduction because his sentence is based on the advisory Sentencing Guidelines. For the reasons stated below, we affirm the order of the District Court.

Chapman was arrested in Pittsburgh and charged with conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846, possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). In October 2012, Chapman reached a written plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) (a "C plea"). He agreed to plead guilty to conspiracy to distribute less than 100 grams of heroin and possession of a firearm in furtherance of a drug trafficking crime. In return, the Government agreed that a fixed sentence of 120 months' imprisonment was appropriate and that all remaining charges would be dismissed. The plea agreement also contained a stipulation that Chapman was responsible for 80 to 100 grams of heroin for purposes of U.S.S.G. § 2D1.1.

A Pre-Sentence Report ("PSR") calculated Chapman's Guidelines range for the conspiracy charge as 46 to 57 months' imprisonment based on a total offense level of 22 and a criminal history category of II. The PSR also noted that Chapman was subject to a 60-month mandatory minimum consecutive sentence for possession of a firearm in furtherance of a drug trafficking crime. At sentencing, the District Court adopted the PSR and imposed an aggregate sentence of 120 months' imprisonment (57 months for

2

conspiracy to distribute heroin charge and 63 months for possession of a firearm in furtherance of a drug trafficking crime).

In 2014, the United States Sentencing Commission issued Amendment 782, which amends U.S.S.G. § 2D1.1 to reduce the base offense level for most drug offenses by two levels. Amendment 782 applies retroactively, allowing defendants whose sentence was based on the pre-amendment text of U.S.S.G. § 2D1.1 to file a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Chapman filed such a motion in the District Court, arguing that Amendment 782 reduced his Guidelines range to 37 to 46 months' imprisonment. The District Court denied Chapman's motion on the ground that he is not eligible for a sentence reduction, as his sentence was not based on the Guidelines. This appeal followed.[1]

In order to be eligible for a sentence reduction, Chapman's initial sentence of 120 months must have been based on the Sentencing Guidelines. *See Weatherspoon*, 696 F.3d at 422 (citing 18 U.S.C. § 3582(c)(2)). "[T]o be eligible for relief under 18 U.S.C. § 3582(c)(2), a defendant who agrees to a specific term of imprisonment in a (C) plea agreement must show that his agreement both identifies a Guidelines range and demonstrates a sufficient link between that range and the recommended sentence." *Id.* at 423. "Failure to meet either requirement is fatal to a defendant's § 3582(c)(2) motion." *Id.* In deciding whether Chapman has met this burden, our inquiry is limited to the four corners of the plea agreement. *Id.* at 422.

---

[1] The District Court exercised jurisdiction over Chapman's § 3582(c)(2) motion pursuant to 28 U.S.C. § 1331, and we exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review is *de novo*. *United States v. Weatherspoon*, 696 F.3d 416, 420 (3d Cir. 2012).

Although Chapman's plea agreement does not expressly state the applicable Guidelines range, he argues that two passages in the agreement demonstrate that it is nonetheless based on the Guidelines. First, he points to the plea agreement's representation that he "will be sentenced under the Sentencing Reform Act." This is true of all C pleas, however, as district courts are required to calculate the Guidelines range in deciding whether to accept a C plea. *See* U.S.S.G. § 6B1.2. Second, Chapman argues that his total offense level may be inferred from the stipulation that he is responsible for 80 to 100 grams of heroin for purposes of U.S.S.G. § 2D1.1. But even if we could infer Chapman's total offense level from this information, we would still be unable to identify the applicable Guidelines range because the agreement does not also specify Chapman's criminal history category. *See Weatherspoon*, 696 F.3d at 424 ("The Guidelines range can only be derived from a determination of a defendant's criminal history category and his offense level. Here, we are missing at least one-half of the equation.").

Accordingly, we affirm the District Court's order because Chapman's sentence was not based on the Guidelines and he is not eligible for a reduction in sentence under § 3582(c)(2).