**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2306
_____

UNITED STATES OF AMERICA

v.

LLOYD WASHINGTON, JR.,
a/k/a Bub

Lloyd Washington, Jr.,
                                    Appellant


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-07-cr-00258-001)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 19, 2016
Before:  CHAGARES, KRAUSE and ROTH, Circuit Judges


(Opinion filed: January 5, 2017)
_____

OPINION*
_____


PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Lloyd Washington Jr. appeals from an order of the United States District Court for the Eastern District of Pennsylvania denying his motion filed under 18 U.S.C. § 3582(c)(2). We will affirm.

Following a 2009 jury trial in the Eastern District of Pennsylvania, Washington was found guilty of conspiracy to distribute five kilograms or more of cocaine and attempted possession of five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). The probation office found that Washington was responsible for 213.7 kilograms of cocaine and also applied a three-level enhancement for his role in the offense, resulting in a total offense level of 41 and Guidelines range of 324 to 405 months. But at his April 13, 2012 sentencing, the District Court imposed a below-Guidelines sentence of 192 months.

We affirmed Washington's conviction. United States v. Washington, 543 F. App'x 171 (3d Cir. 2013). The District Court subsequently denied a § 2255 motion that he filed, and we declined to issue a certificate of appealability at C.A. No. 3278. He filed the instant § 3582(c)(2) motion on June 29, 2015, seeking a sentence reduction based on the United States Sentencing Commission's amendment of the Drug Quantity Table in 2014 – Amendment 782 – which reduces by two levels the base offense levels in the Drug Quantity Table at § 2D1.1 of the Sentencing Guidelines. The District Court denied this motion on April 14, 2016, noting that the sentence actually imposed – 192 months – was lower than the Guidelines range resulting from application of Amendment 782. This timely appeal ensued.

2

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's denial of relief under 18 U.S.C. § 3582(c)(2). United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012). Although application of Amendment 782 would reduce Washington's Guideline range – from 324 to 405 months to 262 to 327 months – a court may not reduce a sentence under § 3582(c)(2) below the range contemplated by the amended guideline. United States v. Berberena, 694 F.3d 514, 518-19 (3d Cir. 2012) (policy statement at § 1B1.10(b)(2)(A) of the Sentencing Guidelines, which "prohibits a reduction below the low end of a prisoner's new range, even if the prisoner originally received a below-Guidelines sentence," is binding on a district court in the context of a § 3582(c)(2) motion). Because Washington received a below-Guidelines sentence, and that sentence is lower than the amended range contemplated by Amendment 782, he is not entitled to relief under § 3582(c)(2).[1] Accordingly we will affirm the order of the District Court.

---

[1] Although acknowledging that the policy statement at § 1B1.10(b)(2)(A) "forbids [the] reduction" he requests, Washington argues that this "limitation should not be enforced." We have previously rejected this argument. Berberena, 694 F.3d at 522 ("If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be binding.") (internal citation omitted). He also contends that the policy statement offends the Equal Protection Clause because "it is not rational to limit further reductions . . . when the District Court has previously determined that a below guideline sentence . . . should be granted." This argument is similarly without merit.