NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 14-3875 & 15-1230

———————

UNITED STATES OF AMERICA

v.

DOROTHY ROBINSON,
also known as Mae-Mae
also known as Dorothy Johnson,

Dorothy Robinson,
Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-07-cr-00389-010)
District Judge: Honorable James M. Munley

———————

Submitted Under Third Circuit LAR 34.1(a)
October 7, 2015
Before: McKEE, Chief Judge, AMBRO, and HARDIMAN, Circuit Judges

(Opinion filed: December 18, 2015)

———————

OPINION[*]

———————

AMBRO, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dorothy Robinson pled guilty to distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). In accord with the plea agreement, the District Court sentenced her to 216 months' imprisonment. Robinson now appeals the District Court's denial of her two *pro se* motions to reduce her sentence.[1] However, her attorney, Carl Poveromo, moves to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. Robinson has not filed a *pro se* brief in response. We affirm the District Court's judgment and sentence and grant counsel's motion to withdraw.

## I. Background

In August 2008, the Third Superseding Indictment charged Robinson with, among other things, distribution of cocaine base (crack) to a confidential informant within 1,000 feet of public housing, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a), and aiding and abetting in the possession and distribution of crack cocaine within 1,000 feet of public housing, in violation of 18 U.S.C. § 2.

In September 2009, after a three-day trial, Robinson entered into a binding plea agreement, per Fed. R. Crim. P. Rule 11(c)(1)(C), and pled guilty to only one count of distribution of cocaine base (crack) to a confidential informant within 1,000 feet of public housing. In the plea agreement, Robinson and the Government stipulated that she would be sentenced to 216 months' incarceration and a term of supervised release to be determined by the District Court. Nothing in the plea agreement explained how the 216-

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. §1291 and 18 U.S.C. § 3742(a).

month proposed sentence was determined nor indicated that it was based on the Sentencing Guidelines in any way.

After the Court accepted Robinson's plea, but before the sentencing hearing, Robinson sent the Court two letters in which she asserted that she was coerced into signing the plea agreement by both her attorney and her husband. The District Court construed this to be a *pro se* motion to withdraw her guilty plea and, after hearing oral argument, denied the motion.

At sentencing, the District Court adopted the Pre-Sentence Investigation Report (PSR), which determined Robinson possessed 19.5 kilograms of crack cocaine. The PSR concluded that Robinson's offense level was 43 and her criminal history category was II, resulting in a Guidelines range of life imprisonment. However, because Robinson pled guilty to an offense punishable by a maximum of 60 years, her Guidelines range was capped at 720 months. In line with the binding plea agreement, the Court imposed a sentence of 216 months followed by six years of supervised release.

Robinson appealed and we affirmed her sentence. *See United States v. Robinson*, 427 F. App'x 163 (3d Cir. 2011). She filed a *pro se* motion entitled "Retroactive Application of Amendment to the Sentencing Guidelines for the Fair Sentencing Act." Shortly after that motion was filed, the first court-appointed Federal Public Defender moved to withdraw as counsel. The District Court granted counsel's motion and shortly thereafter denied without prejudice Robinson's motion to reduce her sentence under Amendment 750 to the Sentencing Guidelines.

In March 2012, Robinson filed another *pro se* document that the District Court construed as a motion to reduce her sentence under Amendment 750. Robinson's second court-appointed Federal Public Defender moved to withdraw as counsel, concluding that the Amendment did not apply because Robinson's sentence was based on Rule 11(c)(1)(C), not the Guidelines. The District Court granted counsel's motion and denied Robinson's motion to reduce her sentence. She followed with a motion to vacate her sentence under 28 U.S.C. § 2255, which the District Court denied. Thereafter, Robinson filed two motions for leave to file an untimely appeal, both of which the Court denied, and in September 2013 we dismissed Robinson's appeal of that decision for lack of appellate jurisdiction.

In March 2014, Robinson filed a *pro se* motion to reduce her sentence under 18 U.S.C. § 3582(c), claiming *Rosemond v. United States*, 134 S. Ct. 1240 (2014), allowed for a sentence reduction. The District Court denied the motion and Robinson filed a timely *pro se* appeal.

In May 2014, Robinson filed with the District Court another *pro se* motion to reduce her sentence under Amendment 750. The Court appointed a third Federal Public Defender to represent Robinson, but the attorney moved for leave to withdraw as counsel due to a potential conflict of interest. The Court permitted counsel to withdraw and appointed Mr. Poveromo to represent Robinson. In January 2015, it denied Robinson's motion to reduce her sentence, and Robinson appeals.

We consolidated Robinson's counseled appeal from the District Court's denial of her motion to reduce her sentence under Amendment 750, with her *pro se* appeal

4

challenging the District Court's denial of her motion to reduce her sentence under *Rosemond*. Mr. Poveromo now represents Robinson in both appeals.

As noted, Robinson's appointed attorney moved to withdraw and filed a corresponding *Anders* brief. Robinson was notified of her right to file a *pro se* brief, but she has failed to do so.

## II. Discussion

Under our rules, "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. L.A.R. 109.2(a). If we concur with counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our "inquiry . . . is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, Robinson's attorney addresses and rejects two potential issues for appeal: (1) the District Court's denial of Robinson's motion for sentence reduction under Amendment 750; and (2) its denial of her motion for a sentencing reduction under *Rosemond*. Our review of the record confirms counsel's assessment that there are no nonfrivolous issues for appeal.

We review *de novo* a District Court's determination that a defendant is ineligible for relief under § 3582(c)(2). *United States v. Weatherspoon*, 696 F.3d 416, 420 (3d Cir. 2012). Robinson's attorney states that the District Court properly denied the motion for

sentence reduction because Amendment 750 had no effect on the sentence. We agree. Among other things, the Amendment altered the drug quantity table for crack cocaine in U.S.S.G. § 2D1.1 and lowered the offense levels for crack cocaine. Under U.S.S.G. § 1B1.10(c), these changes apply retroactively. To be entitled to a reduction of sentence, however, "a defendant's *sentencing range* must have been lowered by recalculation based on the amended base offense level." *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009) (emphasis in original).

The District Court correctly concluded that Amendment 750 had no effect on the sentencing range in the Guidelines applicable to Robinson. Under the old version of the Guidelines, the Court's finding that Robinson was in possession of 19.5 kilograms of crack cocaine resulted in a base level offense of 38, corresponding to the drug quantity ("4.5 KG or more of Cocaine Base") in the then-current § 2D1.1 table. U.S.S.G. § 2D1.1(c) (2008). Under the Guidelines as revised by Amendment 750, that finding would have resulted in the same base offense level of 38, corresponding to the drug quantity ("8.4 KG or more of Cocaine Base"). U.S.S.G. § 2D1.1(c) (2011). Under both versions of the Guidelines, Robinson's total offense level was 43 and her criminal history category was II, yielding, as noted, a Guidelines range of life imprisonment.

Moreover, as Robinson's attorney points out, under *Weatherspoon*, Robinson is not eligible for a sentence reduction because her Rule 11(c)(1)(C) plea agreement lacks any indication that her 216-month sentence was based on the Guidelines. When the District Court accepts a binding plea agreement, it is bound by the proposed sentence. Fed. R. Crim. P. 11(c)(1)(C). Under § 3582(c)(2), a district court has the authority to

6

amend a sentence if it was based on a Guidelines range that has been lowered. A defendant who pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement is only eligible for a reduction under § 3582(c)(2) if the sentence imposed pursuant to the agreement is "based on" the applicable Guidelines range. *Weatherspoon*, 696 F.3d at 422 (quotation marks omitted).

The binding plea agreement before us does not specify the applicable advisory Guidelines range or other information relevant to the calculation of that range, such as the total offense level or Robinson's criminal history category. It simply states the weight of the cocaine base involved and provides that "[t]he parties agree that a sentence of 216 months incarceration . . . is a reasonable sentence." App. at 134a. The only reference to the Guidelines is a three-level reduction of offense level for acceptance of responsibility. Therefore, the plea agreement "does not 'make clear' that the foundation of [the] sentence was the Guidelines, because the agreement does not in any way identify or rely on [the] Guidelines range." *Weatherspoon*, 696 F.3d at 424.

On the second issue, we agree that the District Court properly denied Robinson's motion for a sentence reduction because *Rosemond* does not apply to her case. The offense at issue in *Rosemond* was aiding and abetting an 18 U.S.C. § 924(c) offense, which includes using or carrying a firearm during or in relation to a violent crime or a drug trafficking crime. The Supreme Court held that § 924(c) liability requires the Government to prove that "the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Rosemond*, 134 S. Ct. at 1243.

7

Unlike the defendant in *Rosemond*, Robinson was never charged with aiding and abetting the use or carrying of a firearm in relation to a crime of violence or drug-trafficking offense, in violation of § 924(c). Though she was charged with aiding and abetting in the possession and distribution of crack cocaine in violation of 18 U.S.C. § 2, that charge was not included in the plea agreement. Instead, Robinson pled guilty as a principal to possession and distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). Thus we find no error with the District Court's conclusion that *Rosemond* is not on point and agree with counsel that there is no appealable basis presented to challenge Robinson's sentence on this ground.

*    *    *    *    *

In sum, our independent review of the record convinces us that Robinson's counsel "has thoroughly scoured the record in search of appealable issues" and that each potential issue identified is ultimately frivolous. *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). We affirm Robinson's sentence and grant counsel's motion to withdraw.