**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3119
_____

UNITED STATES OF AMERICA

v.

WAYNE ASHLEY KRAMER, III,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-10-cr-00061-001)
District Judge:  Honorable William W. Caldwell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2018
Before:  SHWARTZ, KRAUSE, and RENDELL, Circuit Judges

(Opinion filed: January 3, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Wayne Kramer, a federal prisoner proceeding pro se, appeals from the District Court's order dismissing his motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will affirm.

I.

In 2010, Kramer pleaded guilty to one count of the distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). Kramer entered his plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which allows a defendant and the Government to "agree that a specific sentence or sentencing range is the appropriate disposition of the case." The parties agreed to a sentence of 144 months in prison, three years of supervised release, and a special assessment of $100. The District Court accepted the plea agreement and imposed the agreed-upon sentence.

In June 2017, Kramer filed a motion under 18 U.S.C. § 3582(c)(2). He sought to have his sentence reduced based on Amendment 782 to the U.S. Sentencing Guidelines, which lowered by two the base offense assigned to particular drug quantities. The District Court dismissed the motion, and Kramer appeals.[1]

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's denial of a motion for reduction of sentence under § 3582(c)(2) for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). If a district court concludes

---

[1] Kramer filed prior § 3582(c)(2) motions based on Amendment 782 in 2014 and 2015. The District Court denied those motions, and Kramer did not appeal.

that a defendant is not eligible for relief under § 3582(c)(2), our review is plenary.
United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012).

A defendant who pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement is eligible for a reduction under § 3582(c)(2) only if the sentence imposed pursuant to the agreement is "based on" the applicable Guidelines range. Weatherspoon, 696 F.3d at 422 (internal quotation marks omitted). A plea agreement that provides for a specific term of imprisonment is "'based on' a Guidelines range when the agreement 'make[s] clear' that the foundation for the agreed-upon sentence was the Guidelines." Id. at 423 (alteration in original) (quoting Freeman v. United States, 564 U.S. 522, 539 (2011) (Sotomayor, J., concurring)). An agreement will make the connection clear only when there is a "sufficient link" between the range agreed to and the advisory Guidelines range. Id.

In Kramer's case, the record reflects that the plea agreement does not specify the applicable advisory Guidelines range or other information relevant to the calculation of that range, such as the total offense level or Kramer's criminal history category, and Kramer's assertions to the contrary in his informal brief are incorrect.[2] The plea agreement therefore "does not 'make clear' that the foundation of [the] sentence was the Guidelines, because the agreement does not in any way identify or rely on [the] Guidelines range." Weatherspoon, 696 F.3d at 424. Because the sentence imposed pursuant to the plea agreement was not based on a Guidelines range, the District Court

---

[2] Kramer's specific citations apparently refer to the Presentence Investigation Report (PSR), not the plea agreement at issue.

correctly determined that Kramer is ineligible for a sentence reduction under

§ 3582(c)(2).[3]

III.

For the foregoing reasons, we will affirm the District Court's order dismissing

Kramer's motion for a reduction of sentence.[4]

---

[3] Kramer has submitted a reply brief in this case. Although the brief was not timely, we have considered it in reaching our decision. The Clerk is instructed to file the reply brief as of the date it was received.

[4] In August 2017, Kramer also filed a related motion to amend his PSR. The District Court dismissed that motion as moot, and that ruling does not appear to be the subject of this appeal. To the extent that Kramer seeks to appeal the ruling, we also will affirm.