**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2728
_____

UNITED STATES OF AMERICA

v.

LEONARD HUDGINS, AKA Leonard Carney

Leonard Hudgins,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cr-00585-001)
District Judge: Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2018
Before:  SHWARTZ, KRAUSE and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 19, 2018)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Leonard Hudgins, a federal prisoner proceeding pro se, appeals from the District Court's order denying his motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will affirm.

I.

In 2012, Hudgins pleaded guilty to the following: one count of a violation of 21 U.S.C. § 84l(a)(1), (b)(1)(B) (possession with intent to distribute 28 grams or more of cocaine base ("crack cocaine")), a lesser included offense of Count One of the indictment; one count of a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (possession with intent to distribute cocaine), as charged in Count Two of the indictment; and one count of a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (possession with intent to distribute crack cocaine), a lesser included offense of Count Three of the indictment. Hudgins entered his plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which allows a defendant and the Government to "agree that a specific sentence or sentencing range is the appropriate disposition of the case." The parties agreed to a sentence of 15 years (180 months) in prison, eight years of supervised release, and a special assessment of $400. At the sentencing hearing, the District Court recognized that Hudgins qualified as a career offender under the U.S. Sentencing Guidelines, based on the Presentence Investigation Report. The District Court accepted the plea agreement and imposed the agreed-upon sentence.

In June 2017, Hudgins filed a motion under 18 U.S.C. § 3582(c)(2). He sought to have his sentence reduced based on Amendment 782 to the Sentencing Guidelines, which

2

lowered by two the base offense assigned to particular drug quantities. The District Court denied the motion, and Hudgins appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Smith v. Barry, 502 U.S. 244, 248-49 (1992). We review a District Court's ultimate denial of a motion for reduction of sentence under § 3582(c)(2) for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review de novo questions about a defendant's eligibility for relief under § 3582(c)(2), however. See United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012).

## III.

A District Court generally cannot modify a term of imprisonment once it has been imposed, but a defendant may be eligible for a reduction pursuant to 18 U.S.C. § 3582(c) under certain circumstances. Section 3582(c) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013).

Hudgins fails to meet either of § 3582(c)(2)'s criteria. As an initial matter, the District Court correctly determined that Hudgins's sentence was not expressly based on a Guidelines sentencing range in light of his Rule 11(c)(1)(C) plea. This issue is squarely controlled by Justice Sotomayor's concurring opinion in Freeman v. United States, 564 U.S. 522 (2011), and our decision in Weatherspoon. Under these decisions, a defendant

3

who pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement is eligible for a reduction under § 3582(c)(2) only if the sentence imposed pursuant to the agreement is "based on" the applicable Guidelines range.  See Weatherspoon, 696 F.3d at 422.  A plea agreement that provides for a specific term of imprisonment is "'based on' a Guidelines range when the agreement 'make[s] clear' that the foundation for the agreed-upon sentence was the Guidelines."  Id. at 423 (quoting Freeman, 564 U.S. at 539 (Sotomayor, J., concurring)).  An agreement will make the connection clear only when there is a "sufficient link" between the range agreed to and the advisory Guidelines range.  Id.

In Hudgins's case, the plea agreement does not specify the applicable advisory Guidelines range or other information relevant to the calculation of a range, such as the total offense level or Hudgins's criminal history category.  The plea agreement therefore "does not 'make clear' that the foundation of [the] sentence was the Guidelines, because the agreement does not in any way identify or rely on [the] Guidelines range."  Id. at 424.  Thus, the sentence imposed pursuant to the plea agreement was not based on a Guidelines range.[1]

---

[1] Hudgins acknowledges that this result is required by Weatherspoon, in which we reaffirmed that Justice Sotomayor's concurring opinion in Freeman is controlling.  See Weatherspoon, 696 F.3d at 422 (citing United States v. Thompson, 682 F.3d 285, 289 (3d Cir. 2012)).  He asserts that he is raising the issue to preserve it for further review.  He also requests that we hold this appeal in abeyance pending the Supreme Court's decision in United States v. Hughes, S. Ct. No. 17-155.  In that case, the Supreme Court has granted certiorari to consider whether Justice Sotomayor's opinion or the plurality opinion in Freeman is controlling.  See United States v. Hughes, 138 S. Ct. 542 (Dec. 8, 2017).  We decline to hold this appeal in abeyance pending Hughes because Weatherspoon remains the law of this Circuit and because, as discussed below, Hudgins's status as a career offender precludes a sentence reduction under Amendment 782 regardless of Freeman.

Hudgins also fails to meet § 3582(c)(2)'s second criterion, as a reduction in his sentence would not be "consistent with the applicable policy statements issued by the Sentencing Commission." The relevant "applicable policy statement[]" makes clear that a reduction in a sentence following a retroactive Guidelines amendment is inconsistent with the Commission's policy statements unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Thus, the "question here is whether amendments to the… guidelines… have the effect of lowering the 'applicable guideline range' of a defendant subject to the career offender designation." Flemming, 723 F.3d at 410.

The Sentencing Guidelines define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A). Here, even if Hudgins's sentence was based on a Guidelines range, the applicable range is "the range calculated pursuant to the career offender designation of § 4B1.1." Flemming, 723 F.3d at 412. Amendment 782, which alters the offense levels for drug crimes but does not affect the offense levels for career offenders, would not lower Hudgins's applicable Guidelines range. Thus, it would be contrary to the applicable policy statement to reduce his sentence. See, e.g., Mateo, 560 F.3d at 154-55 (holding that a retroactive reduction in the Guidelines' cocaine base offense levels does not entitle a defendant to a sentence reduction when his sentencing range was based on the

5

alternative career offender offense level).  As a result, the District Court correctly determined that Hudgins is ineligible for a sentence reduction under § 3582(c)(2).

Lastly, for the first time on appeal, Hudgins argues that his guilty plea violates due process because he was not informed that, under <u>Freeman</u>, his Rule 11(c)(1)(C) plea made him ineligible for a potential sentence reduction under § 3582(c)(2).  He did not raise that argument below, and we generally do not address issues that were not raised in the District Court.  <u>See</u> <u>In re Reliant Energy Channelview LP</u>, 594 F.3d 200, 209 (3d Cir. 2010) (plaintiff may not assert new claims for the first time on appeal).  Nevertheless, Hudgins's challenge to his guilty plea is not cognizable under § 3582(c)(2) in any event. <u>See</u> <u>Dillon v. United States</u>, 560 U.S. 817, 831 (2010).[2]  Furthermore, Hudgins's § 3582 motion would still have been denied, regardless of <u>Freeman</u>, because, as noted, Amendment 782 does not apply to sentences calculated pursuant to the career offender designation.

IV.

For the foregoing reasons, we will affirm the District Court's order denying Hudgins's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

---

[2] It is worth noting that Hudgins has raised this issue, as well as other issues, in a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which is still pending before the District Court.

6