NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1044
_____

UNITED STATES OF AMERICA

v.

JOE DUNSTON,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 08-cr-00289-1)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2010

Before:  AMBRO, FISHER and WEIS, *Circuit Judges*.

(Filed: February 16, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

        Joseph Dunston pleaded guilty to three counts, including conspiracy to commit

armed bank robbery, armed bank robbery, and carrying a firearm during and in relation to

a crime of violence.  Dunston now appeals, contending that his guilty plea was not

knowing, voluntary, and intelligent, that his 199-month imprisonment sentence was

substantively unreasonable, and that the sentence for the conspiracy count exceeded the statutory maximum. We will affirm the District Court with respect to the first two claims and, with respect to the third, direct the District Court to enter a sentence that is within the statutory maximum.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On July 24, 2008, a grand jury sitting in the United States District Court for the Eastern District of Pennsylvania returned an indictment charging Dunston and his co-defendants Robert Dales, Dante Toliver, and William Matthews with conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371, and armed bank robbery, in violation of 18 U.S.C. § 2113(d). They were also charged with carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).

On February 4, 2009, Dunston entered into a cooperation agreement with the government. The agreement provided that Dunston would plead guilty to the three charges in the indictment. Further, it explained that the §§ 371 and 2113(d) offenses were subject, respectively, to statutory maximums of five years' and twenty-five years' imprisonment and that the § 924(c) offense was subject to a mandatory minimum of seven years' imprisonment and a maximum of life imprisonment. Dunston also agreed to waive his right to appeal or present a collateral challenge to his conviction or sentence, except in four circumstances: (1) if the government appealed; (2) if the court sentenced

him above the statutory maximum; (3) if the sentencing judge erroneously departed upward from the sentencing guidelines; or (4) if the court imposed an unreasonable sentence that was above the applicable U.S. Sentencing Commission Guidelines range.

On April 8, 2009, Dunston pleaded guilty to the three charges. At the beginning of the colloquy, the District Court asked the following question of Dunston for each of the crimes charged: "[A]re you pleading guilty to the crime . . . because you're, in fact, guilty of having committed that crime?" Dunston answered in the affirmative for each of the charges. The District Court then advised Dunston as to: the charges against him and the elements of each charge; his trial rights; the rights he would forfeit by pleading guilty, including his waiver of the right to appeal; the sentencing process; and the consequences of pleading guilty, including the possible penalties for each count. Dunston stated that he fully understood all of this, and at the conclusion of the colloquy, he entered a plea of guilty on all counts.

On December 22, 2009, the District Court sentenced Dunston for a total of 199 months' imprisonment for the offenses: 115 months for conspiracy, 115 months for armed robbery, and 84 months for carrying a firearm during a crime of violence. The 115-month sentences were to run concurrently, and the 84-month sentence was to run consecutively.

Dunston now appeals the validity of his guilty plea, the substantive reasonableness of his sentence, and the validity of the imposed sentence for conspiracy.

## II.

The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. In general, "our review of the validity and scope of appellate waivers is plenary." *United States v. Corso*, 549 F.3d 921, 926 (3d Cir. 2008). However, we review alleged violations of Federal Rule of Criminal Procedure 11 for plain error if "a defendant seeks to set aside his appellate waiver based on an unpreserved claim that the district court did not conduct an adequate colloquy." *Id.* at 926-27 (citing *United States v. Goodson*, 544 F.3d 529, 539 n.9 (3d Cir. 2008)).

## III.

Dunston sets forth three arguments on appeal. First, Dunston argues that his guilty plea must be vacated because he did not enter the plea knowingly and voluntarily. Next, Dunston contends that the sentence imposed is substantively unreasonable considering his criminal history and the disparity between his sentence and another defendant. Finally, Dunston alleges that his sentence for criminal conspiracy is illegal and a remand is necessary to modify the judgment. We address each argument in turn.

*First*, Dunston contends that the District Court failed to inform him of the nature of the charges against him, the consequences of a conviction, and the constitutional rights he waived before pleading guilty. Dunston alleges that the plea colloquy was ineffective because it was given after his guilty plea – claiming that his answers to the initial questions raised by the District Court amounted to a plea of guilty for all counts. In response, the government maintains that the District Court gave the plea colloquy prior to

4

Dunston's guilty plea and that his plea was made knowingly and intelligently. The government argues that the District Court's questions at the beginning of the colloquy were appropriate, and Dunston's responses did not constitute a guilty plea.

Federal Rule of Criminal Procedure 11(b)(1) requires that, "[b]efore the court accepts a plea of guilty[,] . . . the court must address the defendant personally in open court" and inform the defendant of his constitutional rights, the mandatory penalties, and the nature of the charged offenses. Because Dunston failed to raise an objection in the District Court, he must satisfy the plain-error rule. *United States v. Vonn*, 535 U.S. 55 (2002); *Corso*, 549 F.3d at 928. Dunston "must show (1) that there was an error, i.e., a deviation from a legal rule, (2) that the error was 'plain,' i.e., clear or obvious, and (3) that the error affected his substantial rights." *Corso*, 549 F.3d at 928-29 (citations omitted). Additionally, "even if all three conditions are met we will exercise our discretion to correct the unpreserved error only if [the Defendant] persuades us that (4) 'a miscarriage of justice would otherwise result,' that is, if 'the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Id*. at 929 (citations omitted). When analyzing the effect of a Rule 11 error, we may refer to the entire record. *Id*.

The District Court did not err. A review of the record illustrates that Dunston did not enter his guilty plea until after the District Court conducted an exhaustive colloquy. Before the colloquy, the District Court asked Dunston if the facts recited by the prosecutor were correct and if he committed the acts. The District Court was merely inquiring into the accuracy of the factual basis of the plea, and Dunston's affirmative

5

answers did not amount to the entry of a plea. This came later at the end of the colloquy when the District Court asked Dunston how he pleaded to each count, and he responded "guilty." The plea colloquy was adequate because it informed Dunston of both the elements and penalties of the offense, as well as the rights that Dunston would be giving up by pleading guilty. The initial questions raised by the District Court were for the practical purpose of determining the need for a plea colloquy. Therefore, we find that Dunston knowingly and voluntarily entered a valid guilty plea.

*Second*, Dunston argues that the sentence he received was substantively unreasonable. We decline to exercise our jurisdiction to review the merits of Dunston's appeal if we conclude: "(1) that the issues he pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." *Corso*, 549 F.3d at 927. Because Dunston knowingly and voluntarily waived the right to appeal his sentence, his claim fails to meet any of the exceptions to the appellate waiver provision, and because a within-range sentence of 199 months' imprisonment is not a "miscarriage of justice," we decline to review the merits of Dunston's substantive reasonableness claim.

*Third*, Dunston and the government agree that the 115-month sentence for the conspiracy count is in error because it exceeded the statutory maximum of not more than five years' imprisonment for an 18 U.S.C. § 371 offense. For this reason, Dunston's claim falls outside the appellate waiver, and we must direct the District Court to correct the sentence. Because the District Court ordered this sentence to run concurrently with

the 115-month sentence imposed for violating 18 U.S.C. § 2113(d), which carries a statutory maximum of 300 months' imprisonment, the error did not result in a greater sentence than what would have otherwise been imposed. But because the sentence exceeded the statutory maximum, we will direct the District Court to amend its sentence in accordance with the statute.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court as to Counts Two and Three: the 18 U.S.C. §§ 2113(d) and 924(c) offenses. However, we will remand to the District Court as to Count One, the 18 U.S.C. § 371 conspiracy offense, for entry of a sentence to be not more than 60 months' imprisonment in accordance with the statutory maximum.