BLD-077                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2882
_____

UNITED STATES OF AMERICA

v.

JOSEPH A. DUNSTON,
                             Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-08-cr-00289-001)
District Judge:  Honorable Paul S. Diamond
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit L.A.R. 27.4 and I.O.P. 10.6
December 30, 2019

Before:  AMBRO, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: January 30, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Joseph Dunston seeks review of the District Court's order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and our review is plenary. See United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012). Because the appeal fails to present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

Dunston, a federal prisoner, pleaded guilty in 2009 in the United States District Court for the Eastern District of Pennsylvania to conspiracy to commit armed bank robbery, armed bank robbery, and carrying a firearm during and in relation to a crime of violence. He was sentenced to 199 months' imprisonment, including concurrent 115-month terms on the conspiracy and armed robbery counts. On direct appeal, we vacated the sentence on the conspiracy charge as exceeding the maximum under 18 U.S.C. § 371. See United States v. Dunston, 414 F. App'x 488, 491-92 (3d Cir. 2011). On remand, Dunston was sentenced again to 199 months' imprisonment. On appeal, we granted the Government's motion to enforce the appellate waiver provision in the plea agreement and summarily affirmed the District Court's judgment. See C.A. No. 12-1492, order entered

---

[1] It is not clear whether Dunston timely filed his notice of appeal. See Fed. R. App. P. 4(b); United States v. Grana, 863 F.2d 312, 316 (3d Cir. 1989). However, the time limit is not jurisdictional, the delay was short, and the Government has not objected. See Gov't of the V.I. v. Martinez, 620 F.3d 321, 328 (3d Cir. 2010).

June 11, 2012.  In May 2019, Dunston filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on U.S.S.G. Amendment 599.  The District Court denied the motion, and this appeal ensued.

The District Court properly concluded that Dunston was ineligible for a sentence reduction.  Section 3582(c)(2) authorizes a district court to modify or reduce a defendant's sentence if the sentence range has *subsequently* been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).  See Dillon v. United States, 560 U.S. 817, 825-26 (2018) (noting that § 3582 "applies only to a limited class of prisoners – namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission").  As the District Court observed, however, Amendment 599 was in effect for nearly 12 years when Dunston was resentenced in 2012; it became effective on November 1, 2000, and clarified when a defendant's sentence may be enhanced for conduct other than the "underlying offense" when he has also been convicted of violating 18 U.S.C. § 924(c).  See U.S.S.G. Manual, Appx. C, Amendment 599 (modifying § 2K2.4 cmt. n.2).  The District Court noted that it applied the amendment and did not enhance his sentence for the underlying bank robbery offense based on his § 924(c) conviction.  In any event, to the extent that Dunston argued that the District Court erred in applying the amendments at his resentencing, he cannot circumvent his appellate waiver by seeking review of his sentence through a § 3582 motion.

3

Based on the foregoing, we will affirm the District Court's order.[2]

---

[2] We note that this Court's August 27, 2019 order in C.A. No. 19-2558, granting Dunston's application pursuant to 28 U.S.C. § 2244, does not moot this appeal. Accordingly, we take no action on Appellant's letters filed on November 4 and November 22, 2019.