BLD-076                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1921
_____

UNITED STATES OF AMERICA

v.

JOSEPH A. DUNSTON,
                    Appellant

_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-08-cr-00289-001)
District Judge:  Honorable Paul S. Diamond

_____


Submitted for Possible Summary Action Pursuant to
Third Circuit L.A.R. 27.4 and I.O.P. 10.6
December 30, 2019

Before:  AMBRO, GREENAWAY, JR. and BIBAS, <u>Circuit Judges</u>

(Opinion filed: January 30, 2020)
_____

OPINION[*]
_____


PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Joseph Dunston seeks review of the District Court's order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and our review is plenary. See United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012). Because the appeal fails to present a substantial question, we will grant the Government's motion to summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

Dunston, a federal prisoner, pleaded guilty in 2009 in the United States District Court for the Eastern District of Pennsylvania to conspiracy to commit armed bank robbery, armed bank robbery, and carrying a firearm during and in relation to a crime of violence. He was sentenced to 199 months' imprisonment, including concurrent 115-month terms on the conspiracy and armed robbery counts. On direct appeal, we vacated the sentence on the conspiracy charge as exceeding the maximum under 18 U.S.C. § 371. See United States v. Dunston, 414 F. App'x 488, 491-92 (3d Cir. 2011). On remand, Dunston was sentenced again to 199 months' imprisonment. At the resentencing hearing, the District Court applied United States Sentencing Guidelines (U.S.S.G.) Amendment

---

[1] Even assuming that Dunston did not file his notice of appeal within 14 days of the District Court's order as required by Fed. R. App. P. 4(b), as he claims he did by submitting an earlier version of his notice of appeal to prison authorities for mailing, Rule 4(b) is not jurisdictional. See Gov't of the V.I. v. Martinez, 620 F.3d 321, 328 (3d Cir. 2010). We decline to dismiss the appeal sua sponte (assuming that we have the authority to do so) because the delay was short and the Government has not objected. See id. at 329 n.6.

2

742, which became effective on Nov. 1, 2010, and eliminated "recency points" – points added to a criminal history score where the offense of conviction was committed within two years of release from imprisonment on a prior conviction. See U.S.S.G. Manual Supp. to App. C., Amend. 742 (2010). The District Court determined that Amendment 742 reduced Dunston's total criminal history points from 17 to 16, but that it did not affect his criminal history category, and, therefore, his advisory guidelines range remained the same. On appeal, we granted the Government's motion to enforce the appellate waiver provision in the plea agreement and summarily affirmed the District Court's judgment. See C.A. No. 12-1492, order entered June 11, 2012.

In March 2019, Dunston filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on U.S.S.G. Amendments 709 and 742. The District Court denied the motion, and this appeal ensued.

The District Court properly concluded that Dunston was ineligible for a sentence reduction. Section 3582(c)(2) authorizes a district court to modify or reduce a defendant's sentence if the sentence range has *subsequently* been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). See Dillon v. United States, 560 U.S. 817, 825-26 (2018) (noting that § 3582 "applies only to a limited class of prisoners – namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission"). Like Amendment 742, Amendment 709 was in effect at the time Dunston was resentenced in 2012; it became effective on November 1, 2007 and restated the rules for determining when multiple crimes are counted as one for criminal history

3

purposes. Moreover, the District Court noted that it applied both amended guidelines at resentencing and determined that neither afforded him relief. We note that, to the extent that Dunston argues that the District Court erred in applying the amendments at his resentencing, he cannot circumvent his appellate waiver by seeking review of his sentence through a § 3582 motion.

Based on the foregoing, we will affirm the District Court's order.[2]

---

[2] The Government's motion to be excused from filing a brief is granted. We note that this Court's August 27, 2019 order in C.A. No. 19-2558, granting Dunston's application pursuant to 28 U.S.C. § 2244, does not moot this appeal. Accordingly, we take no action on Appellant's letters filed on November 4 and November 22, 2019.